## McCOY et al. v. ADAMS.

### No. 19968.

District Court, E. D. Pennsylvania.

Sept. 7, 1939.

George B. Balmer, of Reading, Pa., for plaintiffs.

Charles H. Weidner, of Reading, Pa., for defendant.

WELSH, District Judge.

The liquidating trustees of the Shillington Bank brought this suit against the defendant receiver of the Farmers National Bank and Trust Company of Reading in the Common Pleas Court of Berks County. The action was thereafter removed to this Court and an affidavit of defense and counter-claim were filed by the defendant. Trial was had before the Court without a jury.

The Shillington Bank, formerly doing business in a suburb of Reading, was examined by the State Banking Department in January, 1932. The examination disclosed an impairment of deposits, which caused the Secretary of Banking to require the deficiency to be met forthwith. In an effort to meet the requirement, the officers of the bank took up the matter with the Reading Clearing House Association, composed of several local banks, and with the Peoples Trust Company, a bank in the neighboring borough of Wyomissing. The conferences resulted in a written agreement made March 29, 1932, between the Shillington Bank as beneficiary, and the eight local banks, including the Farmers National Bank and Trust Company, as contributors.

The agreement set forth that "Whereas, the results of such a situation might seriously affect the general banking situation in the County of Berks, and it is for the benefit of the contracting parties to this agreement to prevent such results," each of the eight banks would agree to contribute $12,500 toward the rehabilitation of the Shillington Bank, which sums were to be deposited by the beneficiary in the respective contributing banks. In consideration therefor, the holders of 69% of the stock of the Shillington Bank joined in the contract and agreed to deliver their stock (less qualifying shares) to a trustee for the contributing banks, with an option to him to purchase the shares within five years for the sum of one dollar. The agreement was authorized and approved by the Boards of Directors of the Shillington Bank and Farmers National Bank and Trust Company.

In pursuance of the agreement each of the contributing banks delivered to the Shillington Bank a deposit book showing a deposit of $12,500 in favor of the Shillington Bank. This was done in substantial compliance with the provision of the agreement requiring payment to the beneficiary bank, and the deposit by it in the respective contributing banks.

On March 4, 1933, the general bank holiday occurred which caused all banks to suspend business. On March 6, 1933, the conservator of the Farmers National Bank and Trust Company paid to the Shillington Bank, which did not reopen after the bank holiday, 5% of its deposit or $625. Later the Farmers National Bank and Trust Company went into receivership and Edward C. Nolan was appointed receiver. The Shillington Bank filed with the receiver a formal proof of claim for the balance of its deposit, $11,875, and he issued a certificate acknowledging that legal and satisfactory proof had been made and that the Shillington Bank was a creditor of the Farmers National Bank and Trust Company in that amount. In October, 1934, and April, 1936, the receiver paid dividends to the Shillington Bank totalling $5,343.75, and on March 15, 1937, a further dividend of $1,187.50 was declared, but it has not been paid. The defendant, as present receiver of the Farmers National Bank and Trust Company, refused to pay the latter dividend to the liquidators of the Shillington Bank, and the present suit resulted.

The defendant's refusal to pay the last dividend is based on the contention that the agreement of March 29, 1932, was ultra vires as to the Farmers National Bank and Trust Company, that there was no consideration for the deposit, and that the certificate of the former receiver is not a valid acknowledgment of the obligation. Defendant in his counter-claim also seeks to recover the amount of the dividends previously paid. The facts recited are not in dispute, and the only issues raised are those concerning the validity of the agreement, the consideration therefor, and the effect of the former receiver's certificate ac-

knowledging the deposit obligation to the plaintiffs.

These facts call to mind the very serious economic conditions that existed just prior to and at the time of the suspension of all banking operations in March, 1933. Many banks were in a serious or desperate position, and all were fearful of excessive demands or runs by the depositors and the disastrous effect of forced liquidation of assets to meet those demands. It became necessary for financial institutions to combine their resources in many ways in order to support the weaker banks and to restore the confidence of depositors. The plan and agreement adopted by the banks involved in the present suit were in line with the efforts made by similar institutions for the same purposes. They were not merely to aid a struggling bank, but were primarily intended to protect the contributing banks so that runs on them might be avoided. Their action was prompted by what appeared to be self-preservation in a period of financial distress and we think the purpose was quite proper. The Farmers National Bank and Trust Company joined with the other banks in assuming a common obligation with the view to serving their mutual and respective purposes. The Shillington Bank and the stockholders performed their obligations imposed by the agreement and actually transferred their stock to the Trustee who later exercised his option to purchase the same. The fact that the stock was ultimately found to have little or no value is unimportant; it was what the parties contracted for at the time of the agreement and it was, in addition to mutual self-preservation, the legal consideration which bound the defendant.

The question as to whether such contract is ultra vires appears to have been adequately passed upon by other Courts which hold that a contract, under which one of a group of banks assumes an obligation to give funds to another bank which is in difficulty, is not ultra vires. A national bank is given, in addition to specific powers, such incidental powers as shall be necessary to carry on the business of banking, and the assumption of an obligation which can be reasonably construed as necessary to serve or preserve the business is therefore within its powers and is not ultra vires. Trust Company of New Jersey v. Jefferson Trust Co., 1936, 186 A. 732, 14 N.J.Misc. 656. Contracts guaranteeing the losses of a struggling bank, made to protect and preserve the banking businesses of the guarantors and to save them from possible loss and financial ruin, are enforceable when properly authorized and adopted. Southern Exchange Bank v. First National Bank of Dublin, 1928, 37 Ga.App. 612, 141 S.E. 323; O'Connor v. Bankers Trust Company, 159 Misc. 920, 289 N.Y.S. 252. We believe that the agreement in question was made primarily for the purpose of serving and protecting the banking business of the Farmers National Bank and Trust Company and the other contributing banks and that it was not ultra vires. The amount represented by the deposit was not out of proportion to the probable damage, nor to the normal responsibility of the banks in question. Having thus determined that the agreement is supported by an adequate consideration and that it was within the powers of Farmers National Bank and Trust Company, it follows that the certificate of the receiver acknowledging the obligation is also valid and binding.

The defendant's requests for findings of fact are, so far as they conform to our recital of facts, affirmed. Our conclusions on the legal issues are as follows:

1. The Farmers National Bank and Trust Company of Reading was on February 28, 1933, indebted to the Shillington Bank in the sum of $12,500 representing a deposit of that sum made in pursuance of the agreement of March 29, 1932.

2. The said agreement was entered into for good and valuable consideration and was not ultra vires as to the Farmers National Bank and Trust Company.

3. Plaintiffs are entitled to the dividends on the deposit of the Shillington Bank in the Farmers National Bank and Trust Company and judgment may be entered for the plaintiffs and against the defendant for $1,187.50 representing dividend declared March 15, 1937, with interest.

4. Judgment may be entered for the plaintiffs and against the defendant on the counter-claim.